## Wharton McKnight, Plff. in Err., *v.* John Matthews.

In the trial of a cause depending upon the facts in evidence, if the trial judge in the charge has fairly submitted the disputed questions to the jury, the fact that he may have commented upon the testimony of one side more than that of the other will not be cause for reversal.

(Argued November 1, 1887. Decided November 11, 1887.)

October Term, 1887, No. 170, W. D., before Gordon, Ch. J., Paxson, Sterrett, Green, and Williams, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment in favor of plaintiff in an action on a book account. Affirmed.

The facts fully appear in the charge of Magee, J., which was as follows:

This is an action brought by John Matthews against Wharton McKnight, doing business as the successor of Cavitt & McKnight. The defendant is substantially Wharton McKnight. The action is trespass on the case, the form of action for disputes of this character, and is for the sum of $657.43, the amount claimed for 13,148½ bushels of coke, furnished to defendant for the defendants, as they at that time stood. As appears in the papers in the case, plaintiff allows defendant credit for $200, the price of a coke crusher, and $130.37 for repairs or work done, leaving a balance, as plaintiff claims, of $327.06, with interest from June 1. That is the character of the claim as presented by the plaintiff, and there is no dispute, so far as this suit is concerned, that the coke was furnished to defendant, and of the value claimed, and no controversy as to the credit of $130.37 for repairs; because Mr. McKnight on the one side says that is the amount of the claim, and the other side gives him credit for it. The only dispute in the action is as to the credit of $200, which Mr. Matthews allows on his bill, Mr.

McKnight claiming that that credit should be $500 instead of $200, the price of the crusher, as agreed upon between himself and other parties.

[Now he cannot include, in his own transaction, transactions with other parties—claims that outside people may have in the matter. There must be a privity of contract always existing between parties where they seek to recover; that is, there must be a contract existing between them, and that is the question in this issue: What was the contract? The dispute on both sides is in reference to the price of the crusher. Mr. McKnight was a manufacturer. Mr. Stewart was the owner of a patent crusher. Two witnesses, Mr. Hoffschmidt and Mr. Matthews, say the contract price was $200. That was also substantially the evidence of Mr. Cavitt, one of the partners at the time, so that the proof, with reference to its manufacture, is substantially the same upon both sides. There is evidence, also, that Mr. Hoffschmidt made a contract for the work at $200, and that the defendants would not take him for it, because they did not know him, and he was to have Mr. Matthews come and see about it; he did come and there was a discussion. Mr. Wharton McKnight, his brother, Mr. Stewart, Mr. Cavitt, and Matthews were present and they had a conversation; there was a suggestion that somebody outside of Wharton McKnight had something to say with reference to the crusher, and it is in evidence by Mr. Cavitt, and also by Mr. McKnight, that when they talked about the price they got into some little difference of opinion, and then they say Mr. Matthews got up, in anger, perhaps, or dissatisfaction with the matter, and refused to make any contract whatever; that he went out and that Cavitt followed him and said: "You had better go back; no use going off in this way; see whether you cannot make some arrangement." Mr. Cavitt does not pretend that they could give the right to use the machine. They can manufacture anything, perhaps, but they might become liable if they manufactured patented articles; but that question is not involved in this case. They were manufacturers; and a man claiming a patent came to them, and all the parties talked it over, and Mr. Stewart wanted, according to the general tenor of the evidence, eighteen cents a ton as royalty, or $300 and ten cents a ton royalty; and on that, as I have said, Mr. Matthews left; he was asked to come back, and the result was, as the whole transaction shows,

the crusher was built and the agreement, as alleged by one party, was that it was to be $300 for the patent, a license to use that patent forever, and that would be the natural inference—that evidently was the contract, because that is the only amount there is in this suit; they are not asking for any royalty. It was either $500 or $300.] [2]

[Now the evidence of one witness is that Mr. Stewart said the money was to be paid to Mr. McKnight. That, so far as Mr. Stewart's testimony is concerned, does not make a contract between Matthews and McKnight. I make a contract with Mr. McKnight, or with some person and tell him to pay you the money; I am not making any contract with you, and if Mr. McKnight would pay you the money I could not recover it, for it is not my contract; and there must be privity of contract between the two parties. You and I must agree, in order to bind the contract.] [4]

So you will have to judge from all these matters, whether or not, under the evidence, there has been some misunderstanding. These things are not in writing; the two parties were evidently dealing for the same thing; if they have a contract that they were to get the money—that they made the contract for $500, and that it was outside of Mr. Stewart, and he was to have nothing to say—and people do make contracts of that kind, they may have reasons for it, but it must be made in order to entitle the defendant in this case to set up what Mr. Matthews says he owes, if he owes anybody. You take all the evidence in the case on the one side and the other—and let me say it is not necessary for you to believe that men are perjuring themselves because they do not agree. That is a human failing, that people do not see and understand things in the same way; that is the reason cases are in court; how these accounts that are not agreed upon between the parties are to be construed, and that is the dispute, but it is not necessary to assume that there has been perjury.

[Where a matter is not in writing men may differ; memory is not perfect; the memory of some people is better than that of others; and you take all these things into consideration in determining what the contract was, but you must have a contract between Matthews and McKnight, because everyone recognizes that there was a patent right in it, and it could not be used except by Mr. Stewart, and he could not give a right to a thing he did not own. If he would sell a thing and the consideration

failed, he could not recover for it. The failure of consideration is not a total failure of consideration. That enters into the case if that was clearly established. That was not clearly established; because it does not follow, necessarily, that because a man does not have a patent or there is some objection to it, he is not entitled to it; because these applications are sometimes long delayed, and especially at present, when the patent office is as large as the court house and full of applications, there is sometimes difficulty in getting patents. But if it does interfere with some other patent, and he is selling a patent that he cannot use, I take it that that was substantially a failure of consideration; and if Mr. Stewart was involved, if he makes a contract with a man that has nothing to do with the patent, but that he is to get $500 for the machine that is outside of the patent, Mr. McKnight would have nothing to do with the failure.] [5]

Now there are some bills in this case. It is a rule of law that receipts (and I think the same rule would apply also to bills) prove what they, upon their face, purport to be. That is the rule of law. It is not conclusive, however. If I hold your receipt and you sue me, I offer the receipt and it is prima facie evidence of what it purports to be, but it is subject to explanation; you are permitted to explain or show anything that would nullify or render it of no value. You will therefore take these papers and give them such weight as you think they deserve under the circumstances and explanations as the parties think proper to give them; you will judge how far that is a true statement of the account between the parties. I do not know whether it is the case or not, because I do not remember whether there is any special date given of the delivery of this bill; but bills presented against you, if you hold them for a reasonable length of time without any intimation that they are not right, is a fact to go to show that they are right; if you present bills and there are no questions raised about the correctness of them, and no denial of the account or its correctness, that becomes after a while what is in law "an account stated;" and an account stated becomes in time a statement that cannot be contradicted; it binds you, in other words.

I do not know that there is anything further that I need say, and you will understand that anything I have said that bears upon the facts of the case is not in the line of my official duty; the court has its duty and you have yours, and we are each under

oath. I have to give you the law as I understand it; you find the facts as you get them from the witnesses, and then apply the law. You have sworn to render a true verdict, according to the evidence—and not according to your own impressions or sympathies. Counsel, of course, have their legitimate duty to present to you a review of the evidence and to call your attention to such matters as, in their judgment, ought to influence you; and it is a very serviceable aid to jurors that counsel do this. The court has not that duty; I have nothing to do with the facts, and any reference I may make to the testimony is not to guide or control you. When there is conflicting testimony it is your duty to reconcile it, if possible; and the rule of law is that people are supposed, when they take an oath that they will tell the truth, to tell it; the presumption to start with is that everybody who has testified in the case has told the truth, but sometimes they disagree, and then it becomes necessary that you weigh the testimony; and where you cannot reconcile it, then you exercise your judgment, from all the circumstances, from the mode in which people give their testimony, from the interest they have in it, or from any extraneous circumstances, and give to the testimony that weight you think it ought to have.

If you find that there was a contract made with the defendants that they were to be paid $500, and that they were to settle with Mr. Stewart, then under the law your verdict will be for what they confess, which would be $27.06. If the other side of the story is true, and their claims are corroborated by the evidence, your verdict would be for $327.06, with interest.

[There has been a point presented by defendant's counsel, which is refused. It is substantially asking me to say that the question of patent is not to affect the rights of the defendant; that I am not prepared to affirm.] [1]

Verdict for the plaintiff, for $345, and judgment thereon.

Defendant took this writ, assigning for error: (1) The refusal to affirm the point; (2, 4, 5) the portions of the charge in brackets; (3) the neglect to comment on the testimony of the defendant after referring particularly to plaintiff's testimony.

*Wm. S. Pier,* for plaintiff in error.—The learned court ought, after elaborating the plaintiff's evidence before the jury, to have

also called their attention to that offered by the defendant, and instructed them as to its effect and tendency. See Nieman v. Ward, 1 Watts & S. 82; Parker v. Donaldson, 6 Watts & S. 132.

It is error for a court to so charge the jury upon matters of fact as to mislead them from the true point of inquiry. Harrisburg Bank v. Forster, 8 Watts, 304.

*C. H. McKee* and *O. D. Thompson,* for defendant in error.— The only question raised by the pleadings and evidence was one of fact, which was fairly submitted to the jury.

PER CURIAM:

The exceptions in this case are principally to the charge of the court below; but on looking over that charge, we are satisfied that the learned judge fairly submitted the facts to the jury; hence, we cannot sustain the complaint of the plaintiff in error.

The judgment is affirmed.